989 A.2d 881

COMMONWEALTH of Pennsylvania, Respondent

v.

George E. BANKS, Petitioner.

Supreme Court of Pennsylvania.

Feb. 16, 2010.

---

## ORDER

PER CURIAM.

**AND NOW,** this 16th day of February, 2010, the Federal Community Defender Office for the Eastern District of Pennsylvania's Motion for Videotaping of Evaluations by Commonwealth Experts, which it filed on behalf of petitioner, is **DENIED.**

At this juncture, petitioner has filed three separate challenges relating to the manner in which the Commonwealth's mental health evaluations should occur, premised upon his shifting interpretations of what the Eighth Amendment and *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), allegedly command respecting a government com-

petency examination conducted in response to a defense claim of incompetency to be executed. Two of these interpretations have now been forwarded, piecemeal fashion, since the entry of this Court's August 27, 2009 order directing that a *de novo* competency hearing be held "as expeditiously as possible." *See* Order entered 12/10/09 (denying petitioner's request for notice of the government's mental health evaluations). This Court having now twice ruled upon the serial objections petitioner has forwarded concerning the manner in which Commonwealth's competency examinations should be conducted, any further challenge to the evaluations is deemed defaulted.[1]

Additionally, we note that *Ford* itself was concerned with the procedures due when there was an extant warrant of execution pending. The execution warrant in this matter was signed by Governor Edward G. Rendell in October of 2004, scheduling the execution of petitioner for December 2, 2004. In an order issued December 1, 2004, this Court assumed plenary jurisdiction, issued a stay of execution, and directed the trial court to hold a competency hearing as expeditiously as possible. That directive of a competency hearing was in recognition of the command of *Ford;* the directive of expedition was in recognition of the statutory scheme and respect for the executive duty. *See* 61 Pa.C.S. § 4302(a)(2) ("If, because of a reprieve or a judicial stay of the execution, the date of execution passes without imposition of the death penalty, unless a pardon or commutation has been issued, the Governor shall, within 30 days after receiving notice of the termination of the reprieve or the judicial stay, reissue a warrant specifying a day for execution which shall be no later than 60 days after the date of reissuance of the warrant.").

1. We also point out that in *Ford,* the High Court left it to the individual states to develop the appropriate procedures for enforcing the Eighth Amendment prohibition against the execution of mentally incompetent persons. *See Ford,* 477 U.S. at 416–17, 106 S.Ct. 2595. Thus, *Ford* does not provide an existing basis in law for further challenges to the manner in which the Commonwealth's competency evaluations are conducted.

This matter, involving a necessary hearing to pass upon a single important issue, and remanded for an expeditious determination, once again has inexplicably been delayed. The significant delay has continued to hamper this Court's ultimate disposition regarding petitioner's competency to be executed, a question over which we continue to retain plenary jurisdiction.

At the time of this Court's August 27, 2009 order, which required then-President Judge Muroski to appoint a trial judge to hear this matter as expeditiously as possible, the Court of Common Pleas of Luzerne County did not have a full complement of judges; indeed, the court was severely short-handed. Judge Muroski appointed an out-of-county judge, the very capable Senior Judge Charles C. Brown of the Court of Common Pleas of Centre County, to handle the competency proceedings. Since that time, however, three new commissioned trial judges have assumed the bench in the Court of Common Pleas of Luzerne County. In these circumstances, we deem it appropriate to direct the Honorable Thomas F. Burke, the President Judge of the Court of Common Pleas of Luzerne County, to reassign this matter to a sitting commissioned judge of the Court of Common Pleas of Luzerne County, who is to conduct any further proceedings, including the competency hearing this Court directed on August 27, 2009. Once again, we stress that the competency hearing is to occur as expeditiously as possible, and the assigned judge is to take whatever measures are necessary to see to it that this directive is followed. We refer the trial court to our prior per curiam opinion in *Commonwealth v. Banks*, 596 Pa. 297, 943 A.2d 230 (2007), explicating the very limited parameters of that hearing.

Any motion or argument from either party, that seeks or would occasion further delay, is to be made directly to this Court; and the pendency of any such motion is not to be forwarded, referenced, or accepted as a ground for delaying the proceedings below. Furthermore, we direct the parties to

continue with any scheduled competency evaluations during this period of reassignment.

Jurisdiction retained.